IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOEL MACAPAGAL,<br><br>Defendant. | Case No. 19-cr-00080-DKW-1<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBERS 2 AND 3**[1] |

This matter comes before the Court with Defendant Noel Macapagal's objection to two of the government's proposed jury instructions in this prosecution brought under Section 2422(b) of Title 18 of the U.S. Code for allegedly attempting to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity. Among other things, Macapagal argues that the government's proposed instructions (1) misstate the breadth of Section 2422(b) because the statute does not capture communications with an adult intermediary who evinces no intent to persuade, induce, entice, or coerce a minor, and (2) ignore that the statute requires some sort of reluctance, unwillingness, or "something" on the part of the alleged minor victim.

---

[1] Pursuant to Local Civil Rule 7.1(c), which is made applicable here by Local Criminal Rule 12.3, the Court finds this matter suitable for disposition without a hearing.

Having reviewed the parties' briefs and related documents, the Court concludes that the proposed jury instructions at issue here do not misstate or omit any element of an offense under Section 2422(b).  More specifically, the proposed instructions do not permit conviction based upon communications that do not evince an intent to persuade, induce, entice, or coerce.  In so finding, the Court follows *every* Court of Appeals decision to have addressed the issue Defendant presents.  Further, in light of binding Ninth Circuit precedent, the Court disagrees that Section 2422(b) requires "something" from the alleged minor victim.  Instead, as Ninth Circuit law dictates, the only relevant "something" for purposes of Section 2422(b) is the conduct of the defendant.  As a result, Macapagal's objections, Dkt. No. 73, are OVERRULED.

## **RELEVANT BACKGROUND**

Macapagal is charged under Section 2422(b) with using the internet and a cellular telephone to knowingly attempt to persuade, induce, entice, or coerce a minor to engage in sexual activity made unlawful by Hawai'i Revised Statutes Section 707-730(1)(b).  Dkt. No. 17.[2]

---

[2]Section 2422(b) provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for

2

In advance of an anticipated trial, the government filed proposed jury instructions. Dkt. No. 70.[3]  As relevant here, proposed instruction numbers 2 and 3 read, respectively, as follows:

> The government is not required to prove that the defendant communicated directly with a person he believed to be a minor. The first element of the offense can be satisfied where the defendant communicated with an adult intermediary or adult guardian of a minor, as long as the defendant acted with the intent to persuade, induce, or entice a minor.[4]
>
> A minor's willingness to engage in sexual activity, or stated consent to sexual activity, is irrelevant to the elements of [Section 2422(b)] and Hawaii Revised Statutes § 707-730(1)(b).

On August 5, 2020, Macapagal objected to these proposed instructions. Dkt. No. 73; *see also* Dkt. No. 67 at 2.  The government has filed a response in opposition to Macapagal's objections, Dkt. No. 81, and Macapagal has filed a reply, Dkt. No. 82.  This Order now follows.

## STANDARD OF REVIEW

A party objecting to any jury instruction "must inform the court of the specific objection and the grounds for the objection…." Fed.R.Crim.P. 30(d).

---

which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.
[3]Due to the coronavirus, trial has now been re-scheduled to commence on November 16, 2020. Dkt. Nos. 79-80.
[4]The Court notes that the Government's Proposed Jury Instruction No. 2 does not precisely track Section 2422(b) in that "coerce" is omitted from the intentionality component.

3

Jury instructions are reviewed for whether they misstate or omit an element of the charged offense. *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999).

## DISCUSSION

The Court addresses each of Macapagal's objections in turn.

### I. Proposed Jury Instruction Number 2

First, Macapagal objects to proposed instruction number 2, arguing that Section 2422(b) "does not capture communications made only to an 'adult intermediary' that evince no intent to persuade, induce, entice, or coerce a minor." Dkt. No. 73 at 3. Macapagal further argues that Section 2422(b) "excludes conduct directed only at someone else, such as an adult intermediary. And it does not capture persuading, inducing, enticing, or coercing an adult to allow the defendant to have sex with her minor child." *Id*. at 4. With respect to this latter argument, Macapagal asks this Court to reject the opinions of Circuit Courts of Appeal that have held Section 2422(b) to capture the use of an adult intermediary,

and to instead follow the dissenting opinion of a single Circuit Court Judge.  *Id*. at 4-8.[5]

The Court declines Macapagal's invitation.  Instead, although both parties agree that the Ninth Circuit Court of Appeals has not addressed the specific issue Macapagal raises here, the Court opts to follow the holdings of *every* Circuit Court of Appeals to have addressed the issue and find that offensive communications solely with an adult intermediary are sufficient to violate Section 2422(b).  *See, e.g.*, *United States v. Vinton*, 946 F.3d 847, 853 (6th Cir. 2020); *United States v. Caudill*, 709 F.3d 444, 446 n.7 (5th Cir. 2013) (collecting cases); *see also United States v. Carter*, 2006 WL 997867, at *4-5 (E.D. Cal. Apr. 17, 2006).[6]  Notably, nothing in Section 2422(b) limits the offending conduct to *direct* communication between a defendant and a minor victim.  As such, the Court agrees with the Third Circuit Court of Appeals' observation that "[i]t is not at all evident that persuasion, so defined, requires direct communication….Sexual predators can and do–as this case shows–attempt to persuade children to engage in sexual activity through the victim's parents or guardians."  *United States v. Nestor*, 574 F.3d 159, 162 n.4 (3d Cir. 2009).  To find otherwise, the Court would need to read words into the

---

[5] The dissenting opinion upon which Macapagal relies is in *United States v. Laureys*, 653 F.3d 27, 37-42 (D.C. Cir. 2011) (Brown, J., dissenting in part).

[6] The Court notes that Macapagal cites no decision, Circuit Court or otherwise, to have adopted the position he argues for in his objections.

statute.  At present, Section 2422(b) prohibits, in pertinent part, knowingly persuading, inducing, enticing, or coercing a minor to engage in sexual activity. For Macapagal's argument to hold sway, the statute would need to add "directly" or "by direct communication."  Section 2422(b), though, is silent in that regard, and, as discussed, not one federal court has construed the statutory language to require, implicitly or otherwise, the "direct communication" Macapagal contends must exist.[7]

As a result, the Court overrules Macapagal's objection to the government's proposed jury instruction number 2.

## II. Proposed Jury Instruction Number 3

Second, Macapagal objects to the government's proposed jury instruction number 3, arguing that Section 2422(b) requires the government to prove that he made "an attempt to bend the child-victim's will."  Dkt. No. 73 at 9 (quotation omitted).  Macapagal asserts that the "ordinary, common-sense meaning" of "persuades, induces, entices, and coerces" is "overcoming another's opposing will."  Id.  In his reply, Macapagal further argues that, while a victim's

---

[7]Contrary to Macapagal's assertions, reaching such a conclusion does not require this Court to use "interpretive aids[.]"  See Dkt. No. 82 at 6-7.

*willingness* to engage in sexual activity is irrelevant, a victim's *un*willingness is not.  Dkt. No. 82 at 8-12.

This Court disagrees, not the least because binding Ninth Circuit case law commands that, for purposes of Section 2422(b), "the relevant inquiry is the conduct of the defendant, not the minor."  *See United States v. Dhingra*, 371 F.3d 557, 561 (9th Cir. 2004).  In *Dhingra*, the Ninth Circuit also stated that "[t]he victim's willingness to engage in sexual activity is irrelevant…."  *Id*. at 567.  Faced with this clear statement, Macapagal, in essence, attempts to subvert it by asking this Court to find that, while willingness is irrelevant, *un*willingness is not.  *Un*willingness, however, is simply a different side of the same coin.  As the Ninth Circuit explained in *Dhingra*, it is the conduct of the *defendant*, not the victim, that is relevant under Section 2422(b).  This is true whether a victim's conduct is allegedly willing or unwilling–it is all still the victim's conduct.[8]  In this light, contrary to Macapagal's contention, the government's proposed instruction number 3 does not create "confusion" over Section 2422(b).  Dkt. No. 82 at 12.  Rather, the proposed instruction merely focuses the reader on the proper inquiry: whether

---

[8]The Court adds that, in his reply, Macapagal appears to contend that a conviction could not stand under Section 2422(b) if there is "no reluctance to assuage[]" on the part of a victim.  Dkt. No. 82 at 8.  To repeat, this is simply an attempted end-run around *Dhingra*.

7

the defendant attempted to persuade, induce, entice, or coerce a minor to engage in sexual activity.  *See Dhingra*, 371 F.3d at 568.[9]

As a result, the Court overrules Macapagal's objection to the government's proposed jury instruction number 3.

## **CONCLUSION**

For the reasons set forth herein, Macapagal's objection to the government's proposed jury instruction numbers 2 and 3, Dkt. No. 73, is OVERRULED.

IT IS SO ORDERED.

DATED: September 25, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

USA v. Noel Macapagal; Cr 19-00080 DKW; **ORDER OVERRULING DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBERS 2 AND 3**

---

[9] The Court also rejects Macapagal's assertions that proposed instruction number 3 is redundant of the joint elements instruction and creates "danger" by focusing the jury on sex with a minor. *See* Dkt. No. 82 at 11.  Instead, the proposed instruction represents a correct statement of Ninth Circuit law, following the direction in *Dhingra*.